**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-2030**

_____

MARK VOGEL ACQUISITIONS, LLC; MORGAN CENTRAL, LLC; MARK VOGEL,

Plaintiffs – Appellants,

v.

PRINCE GEORGE'S COUNTY, MD; ANGIE RODGERS,

Defendants – Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lydia Kay Griggsby, District Judge. (8:24-cv-03008-LKG)

_____

Submitted:  February 10, 2026                    Decided:  April 7, 2026

_____

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge Harris and Judge Quattlebaum joined.

_____

**ON BRIEF:** Jordan Howlette, JUSTLY PRUDENT, Washington, D.C., for Appellants. Anthony D. Jones, County Attorney, Stephen J. Williams, Principal Deputy County Attorney, Andrew J. Murray, Associate County Attorney, PRINCE GEORGE'S COUNTY OFFICE OF LAW, Largo, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks removed). Pleading facts that are "merely consistent with" "a claim of entitlement to relief" is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557–58 (2007).

Those principles resolve this appeal. Plaintiffs challenge the district court's dismissal of three claims that all require proof of intent to discriminate based on race. But their complaint does not contain sufficient facts to raise a plausible inference of race-based disparate treatment. We thus affirm.

\*        \*        \*

Plaintiff Mark Vogel and two companies he owns (plaintiffs Mark Vogel Acquisitions, LLC and Morgan Central, LLC) unsuccessfully tried to buy a piece of land that is near a Metro station and owned by the Washington Metropolitan Area Transit Authority (WMATA). The complaint asserts that defendant Prince George's County, Maryland (the jurisdiction in which the target property is located) blocked the proposed sale through the actions of one of its officers, defendant Angie Rodgers. Plaintiffs sued, asserting race discrimination claims under 42 U.S.C. §§ 1981, 1983, and 1985(3).[*]

---

[*] The complaint also asserted a state-law claim. Because plaintiffs' opening brief makes no reference to that claim, we deem it abandoned. See *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

2

Plaintiffs concede that each of these claims requires proving intent to discriminate based on race.

The district court dismissed the complaint, concluding plaintiffs had "not alleged sufficient facts to show a plausible inference of intentional discrimination upon the basis of race." JA 77. "We review the grant of a motion to dismiss de novo, accepting the complaint's factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *In re Marriott Int'l, Inc.*, 31 F.4th 898, 901 (4th Cir. 2022).

*        *        *

Like the district court, we conclude the facts alleged in the complaint do not raise a plausible inference of disparate treatment based on race. The complaint asserts only three relevant facts: (1) Vogel is White; (2) the defendants blocked the sale of this particular piece of land to Vogel and his companies; and (3) the defendants knew about but did not interfere with the sale of a different WMATA-owned property next to a different Metro station to a development firm "originally founded and currently led by an African American male." JA 15.

Those cursory allegations do not give rise to a plausible inference that the reason the County treated the two situations differently is that Vogel is White and the other developer is Black. Despite the complaint's conclusory assertion that the other firm is "[s]imilarly [s]ituated" to plaintiffs, the complaint contains no facts whatsoever to support its assertion that "Mr. Vogel's race is the *only* meaningful difference" between the two circumstances. JA 15 (emphasis added). To the contrary, the complaint is clear that the two developers wanted to buy *different* properties that happened to be in the same county.

3

What is more, the complaint sets out an innocent—and more "natural"—explanation for why the County treated the two situations differently: The County wanted to buy the same land plaintiffs wanted to buy. *Twombly*, 550 U.S. at 566. The complaint asserts: (1) the target parcel was sandwiched between two other plots; (2) plaintiffs already owned one of the neighboring plots and later acquired the other; and (3) Rodgers (the County official) told Vogel "that the County did not want him to purchase [the target parcel] because 'it was not interested in competing with him.'" JA 12. The complaint also states that the County sent plaintiffs "a Letter of Intent that confirmed" the County's "interest in purchasing" the two adjacent plots "*from Plaintiffs*." JA 13 (emphasis added). It is hardly surprising, then, that the County wanted to prevent plaintiffs from buying the geographic heart of the land they both coveted. See *Twombly*, 550 U.S. at 566–67 (emphasizing that the presence of an "obvious alternative explanation" weakens any inference of unlawful motivation).

*     *     *

The district court correctly held the complaint failed to plausibly allege disparate treatment based on race. We need not—and thus do not—reach any other issues. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The judgment is

*AFFIRMED.*

4